United States Courts
Southern District of Texas
FILED

JAN 1 4 2026    VM

Nathan Ochsner, Clerk
Laredo Division

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

MANUEL AYALA-RODRIGUEZ,

    Defendant-Petitioner.

Civ. Case No. 5:25-cv-00516

Crim. Case No. 5:20-cr-00786-010

## PETITIONER MANUEL AYALA-RODRIGUEZ'S MOTION TO ALTER OR AMEND JUDGMENT PURUSANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E)

Petitioner Manuel Ayala-Rodriguez respectfully moves the Court pursuant to Federal Rule of 59(e) to alter or amend its order summarily dismissing Ayala-Rodriguez's 28 U.S.C. § 2255 motion. The Court manifestly erred by summarily dismissing Ayala-Rodriguez's § 2255 motion without ordering a government response. In the alternative, the Court manifestly erred by summarily dismissing Ayala-Rodriguez's motion without offering Ayala-Rodriguez an opportunity to amend his 28 U.S.C. § 2255 motion.

### Background

In this 28 U.S.C. § 2255 proceeding, Ayala-Rodriguez claims that his attorney was prejudicially deficient for failing to pursue a U.S.S.G. §3B1.2 mitigating role adjustment on his behalf. In support of his motion, Ayala-Rodriguez offered detailed allegations supporting his contention that his attorney, Francisco Javier Montemayor, was prejudicially deficient for failing to: (1) object to the Presentence Investigation Report's lack of a mitigating role adjustment; (2) submit a sentencing memorandum; and (3) raise an oral request at sentencing for a mitigating role adjustment. Ayala-Rodriguez's motion contained facts that related to each of the factors the Sentencing Commission instructs courts to

consider when deciding a mitigating role adjustment and, taken as true, substantiated his claim that he was entitled to a mitigating role adjustment.

In an order dated December 15, 2025, and postmarked December 16, 2025, the Court summarily dismissed Ayala's motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (Section 2255 Rules). The Court reasoned that, based on the record of Ayala-Rodriguez's sentencing, Ayala-Rodriguez was not entitled to a mitigating role adjustment.

## Argument

Rule 59(e) is made applicable to Section 2255 proceedings by Rule 12 of the Section 2255 Rules. It authorizes the Court to alter or amend a final judgment to correct a manifest error of law or fact. Under the prison mailbox rule, a Rule 59(e) motion is timely if it placed in the prison mailbox within 28 days of the date on which the Court's judgment was served.

The Court manifestly erred by summarily dismissing Ayala-Rodriguez's 2255 motion pursuant to Rule 4(b) of the Section 2255 Rules. In the alternative, the Court manifestly erred by summarily dismissing Ayala-Rodriguez's motion without offering Ayala-Rodriguez an opportunity to amend his 2255 motion.

I. **Legal standard governing summary dismissal pursuant to Rule 4(b) of the Section 2255 Rules**

Rule 4(b) of the Section 2255 rules governs the initial consideration of a 28 U.S.C. § 2255 motion. The Rule directs the Court to consider "[t]he motion, any attached exhibits, and the record of prior proceedings" relating to the judgment under attack, and authorizes summary dismissal if it "plainly appears" from those materials "that the moving party is not entitled to relief." Rule 4(b), Section 2255 Rules. Otherwise, it directs the Court to require the government's filing of an answer. *Id.* If an answer it required, the movant will have an opportunity to submit a reply. Rule 5(d), Section 2255 Rules.

Because Rule 4(b) dismissals are disfavored, a court generally errs in dismissing or denying a *pro se* party's 2255 motion without providing an opportunity to amend. *Peña v. United States*, 157 F.3d 984, 987 & n.3 (5th Cir. 1988). In *United States v. Martinez*, 181 F.3d 627, 628-29 (5th Cir. 1999), the Fifth Circuit vacated the denial of a 28 U.S.C. § 2255 motion in order to provide the movant an opportunity to state his ineffective assistance of counsel claims with more specificity. *See also United States v. Whitehead*, 393 F. App'x 226, 228 (5th Cir. 2010) (applying *Martinez*); *United States v. Tarver*, 2000 U.S. App. LEXIS 40456, 2000 WL 554024 at *1 (5th Cir. Apr. 10, 2000) (answer from Government was required where motion and record did not establish whether movant was entitled to relief); *United States v. Rice*, 1999 U.S. App. LEXIS 39531, 1999 WL 1338407 at *1 (5th Cir. Dec. 27, 1999) (noting litigant has right to amend prior to filing of responsive pleading under Fed. R. Civ. P. 15(a)).

II. **The Court should vacate its order dismissing Ayala-Rodriguez's 2225 motion pursuant to Rule 4(b) of the Section 2255 Rules and order the government to file an answer**

The Court manifestly erred by dismissing Ayala-Rodriguez's 2255 motion pursuant to Rule 4(b) of the Section 2255 Rules. It should order the government to file an answer to Ayala-Rodriguez's motion.

Rule 4(b) dismissal is reserved for circumstances in which is plainly appears from the record that the movant is not entitled to relief. Ayala-Rodriguez's claim is fact-intensive argument that requires the weighing of multiple factors. Evidently, the presentation that Ayala-Rodriguez made was insufficient to persuade the Court that he was deserving of a mitigating role adjustment. However, on the record before it, the Court cannot rule out the possibility that Ayala-Rodriguez will be able to present facts that will ultimately persuade the Court that Ayala-Rodriguez was entitled to a mitigating role adjustment. In his heart-of-hearts and in terms of the length of his involvement, the unsophistication of the tasks he

3

performed, his limited compensation, and the other factors the Court would naturally consider when making its determination, he was a minimal participant, not an average participant. By cutting of this proceeding at the outset, the Court has deprived itself of the record that would be created if the government was ordered to respond. Without this record, the Court has no basis for concluding that Ayala-Rodriguez's claim should be dismissed.

III.    **The Court should allow Ayala-Rodriguez an opportunity to amend his 2255 motion**

The Court should allow Ayala-Rodriguez an opportunity to amend his 2255 motion. The Court's order dismissing Ayala-Rodriguez's motion identified specific facts tending to show, in the Court's view, that Ayala-Rodriguez was more of an average participant that a minimal participant. Because the Court's order was issued without a government response, Ayala-Rodriguez has not had an opportunity to address the issues raised by people in support of the dismissal of his Section 2255 motion. By dismissing Ayala-Rodriguez's motion without offering Ayala-Rodriguez and opportunity to amend his petition, the Court presumptively erred. The Court should correct this error by allowing Ayala Rodriguez an opportunity to amend.

Conclusion

The Court should grant this motion.

Dated: January 8, 2026

*Manuel Ayala*

Manuel Ayala-Rodriguez
15514-479—Unit I
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

I certify under the penalty of perjury that on January 9, 2026, I placed the foregoing in the prison mailbox via First Class U.S. Mail postage prepaid.

*Manuel Ayala*

4