United States District Court
Southern District of Texas
**ENTERED**
May 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | |
|---|---|
| **MANUEL AYALA RODRIGUEZ** § | |
| § | |
| § | |
| **Petitioner** § | |
| **VS.** § | **CIVIL NO. 5:25-CV-00156** |
| § | **CRIMINAL NO. 5:20-CR-00786-10** |
| **UNITED STATES OF AMERICA** § | |
| § | |

## ORDER

On December 15, 2025, the Court denied the amended *pro se* § 2255 motion filed by Manuel Enrique Ayala Rodriguez ("Petitioner"). The Court determined that Petitioner failed to meet his burden of proof to show that trial counsel was ineffective in not moving for a minimal participant mitigating role adjustment at sentencing.

Pending before the Court is Petitioner's motion to alter or amend the order under Federal Rule of Civil Procedure 59(e). (Dkt. 19; Cr. Dkt. 452.) As grounds, he argues that the Court erred in dismissing his amended motion without ordering the Government to respond. In the alternative, he argues that the Court erred in dismissing the motion without offering him *sua sponte* an opportunity to file a second amended motion. Petitioner does not challenge the Court's determination that he did not prove ineffective assistance of counsel. The motion is DENIED for the reasons shown below.

### I.  Rule 59(e)

To prevail on a Rule 59(e) motion, a movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

1 / 4

Petitioner seeks relief under the third provision of Rule 59(e).  He argues that the Court manifestly erred in denying his amended § 2255 motion without ordering the Government to respond or offering him *sua sponte* an opportunity to further amend his motion.

## II.  Rule 4(b) Response

Under Rule 4(b) of the Rules Governing § 2255 Proceedings, a district court may dismiss a § 2255 motion summarily, without ordering the government to respond, if it plainly appears from the motion and the record that the movant is entitled to no relief.

The motion and record in Petitioner's case plainly showed that he was not entitled to relief under § 2255.  Petitioner asserts here that "the Court cannot rule out the possibility that [he] will be able to present facts that will ultimately persuade the Court that [he] is entitled to a mitigating role adjustment."  (Dkt. 19, p. 3; Cr. Dkt. 452, p. 3.)  His argument misses the mark.  Petitioner cannot claim in this proceeding that the Court erred in not giving him a minimal participant mitigating role adjustment at sentencing, as he waived the claim in his written plea agreement.  (Cr. Dkt. 128, ¶ 7.)  Even so, a court's technical application of the sentencing guidelines does not give rise to a constitutional issue cognizable under § 2255.  *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

Rather, the sole issue in this § 2255 proceeding was whether trial counsel was ineffective in not seeking an adjustment at sentencing.  To prevail, Petitioner was required to show that, under the record and facts existing at the time of sentencing, there was a reasonable probability that, had counsel moved for the adjustment, the Court would have granted it and he would have received a lower sentence.  Petitioner made no such showing in his amended § 2255 motion, and he makes no such showing in the instant Rule 59(e) motion.  Petitioner does not show that the Court

manifestly erred in denying his amended § 2255 motion without first ordering a response from the Government.

### III.  *Sua Sponte* Opportunity to Further Amend

Petitioner contends in the alternative that the Court erred in not providing him *sua sponte* an opportunity to file a second amended § 2255 motion.  The Court was not required to offer Petitioner an unrequested opportunity to amend his petition, and Petitioner cites no applicable authority holding otherwise.  *See United States v. Hernandez-Zavala*, 984 F.3d 457, 459 (5th Cir. 2021) ("A district court does not err in declining to offer *sua sponte* a § 2255 movant an opportunity to amend.").  Even so, Petitioner fails to state how he would cure his amended § 2255 motion if given an additional chance to amend.  Because the Court was not required to offer Petitioner *sua sponte* an opportunity to amend and he does not explain how he would amend if given the opportunity, no manifest error is shown.  *Id.* at 460.

### IV.  Conclusion

Petitioner does not show as grounds for relief under Rule 59(e) an intervening change in controlling law, new evidence not previously available, or the need to correct a clear or manifest error of law or fact or to prevent manifest injustice.  His Rule 59(e) motion, (Dkt. 19; Cr. Dkt. 452), is DENIED.  A certificate of appealability is DENIED.

The Clerk of Court is DIRECTED to mail Petitioner a copy of this order by any receipted means at the address indicated in his most recent filing.

IT IS SO ORDERED.

SIGNED this May 22, 2026.

_____
Diana Saldaña
United States District Judge